WEST HARTLEPOOL STEAM NAVIGATION CO., Limited, v. VIRGINIA-CAROLINA CHEMICAL CO.

(Circuit Court of Appeals, Fifth Circuit. November 10, 1908.)

No. 1,745.

SHIPPING (§ 173*)—CHARTER PARTY—DEMURRAGE.

> Under a charter party which placed the duty of discharging and delivering the cargo alongside upon the owners, neither the charterer nor cargo can be held liable for demurrage because of delay in discharging beyond the stipulated lay days, without proof that it was through the fault of one or the other.
>
> [Ed. Note.—For other cases, see Shipping, Cent. Dig. § 570; Dec. Dig. § 173.*
>
> Demurrage, see notes to Harrison v. Smith, 14 C. C. A. 657; Randall v. Sprague, 21 C. C. A. 337; Hagerman v. Norton, 46 C. C. A. 4.]

Appeal from the District Court of the United States for the Southern District of Georgia.

For opinion below, see 151 Fed. 886.

William R. Leaken, for appellant.

Walter G. Charlton, W. W. Osborne, and A. A. Lawrence, for appellee.

Before PARDEE and SHELBY, Circuit Judges, and BURNS, District Judge.

PER CURIAM. The basis of libelant's claim is the charter party entered into on the 18th day of April, 1906, between the West Hartlepool Steam Navigation Company, Limited, as agents for owners of the good ship Boltonhall, with the Hamburg-Amerikanische Packetfahrt-Aktien-Gesellschaft, as charterers and freighters, by which it was provided, among other things, as follows:

> "The cargo to be loaded as fast as steamer can take over out of lighters. Charterers bind themselves to have always sufficient cargo alongside to employ two or three steam winches. * * * Steamer is bound to work with all steam winches, if required. * * * Such days where the lighters are prevented by ice to come alongside the steamer not to count as lay-days. The steamer to be discharged at port of discharge at not less than an average of 300 tons per weather working day. If detained longer, demurrage to be paid 4 pence British sterling per ton gross register for every day so detained. The cargo to be brought to and taken alongside the steamer at charterers' risk and expense. The steamer to work at night, if required by charterers or consignees."

Under these provisions the duty of discharging cargo and delivering the same alongside was upon the ship and owners, and the charterers or cargo could only be liable for demurrage thereunder if the time of discharging was delayed through the fault of either beyond the number of lay days for discharging as provided in the contract. There is no evidence in the record showing that the delay in discharging beyond the lay days agreed upon was in any wise the fault of either the charterers or cargo.

The decree of the District Court, dismissing the libel, was correct, and it is therefore affirmed.

---

*For other cases see same topic & § NUMBER in Dec. & Am. Digs. 1907 to date, & Rep'r Indexes